**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
PING CHEN and JIAN YANG, on behalf          :
of themselves and all others similarly      :
situated,                                   :
                                            :
              Plaintiffs,                   :    Civil Action No. 09-107 (JAP)
     v.                                     :
                                            :    **OPINION**
DOMINO'S PIZZA, INC., DOMINO'S              :
PIZZA, LLC, A SLICE ABOVE THE               :
REST, INC., A SLICE ABOVE THE PIE,          :
INC., DUNKA SLICE, INC.,                    :
MARCI HAWKINS, YOKE LAN LEE,                :
and JOHN DOE,                               :
                                            :
              Defendants.                   :
_____         :

PISANO, District Judge:

Presently before the Court is defendants Domino's Pizza, Inc. and Domino's Pizza, LLC's (collectively "the Domino's Defendants" or "Domino's") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for summary judgment.  Plaintiffs Chen and Yang seek relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:56a, *et. seq.*, on their own behalf and on behalf of similarly situated class members.  Plaintiffs allege that they were not paid for all hours worked, or for hours worked in excess of forty hours a week at a rate of one and one-half their hourly rate, and were required to maintain their own automobiles for business purposes and purchase their own uniforms.  Domino's argues that it is not an employer for purposes of the FLSA or the NJWHL and that Plaintiffs' claims against it must be dismissed.

1

For the reasons that follow, the Court finds that Plaintiffs have not stated a claim against Domino's for which relief may be granted and grants Domino's motion to dismiss.

I. **Background**[1]

Plaintiffs Ping Chen and Jian Yang filed the instant six count complaint on January 8, 2009, against Domino's Pizza, Inc., Domino's Pizza, LLC, A Slice Above the Rest, Inc., A Slice Above the Pie, Inc., Dunka Slice, Inc., Marci Hawkins, Yoke Lan Lee, and John Doe seeking relief for the failure to pay straight time wages, the failure to pay overtime wages, and retaliation, on their own behalf and on behalf of similarly situated class members. A Slice Above the Rest, Inc., A Slice Above the Pie, Inc., Dunka Slice, Inc., Marci Hawkins, and Yoke Lan Lee filed an answer on March 30, 2009. Domino's brings this motion to dismiss in lieu of an answer.

Plaintiffs were employed in the non-exempt position of delivery driver by A Slice Above the Rest, Inc., a Domino's franchise with locations in South Bound Brook and Hillsborough, New Jersey ("A Slice Above"). A Slice Above is owned by Marci Hawkins.[2] Chen was employed by A Slice Above at its South Bound Brook location from February 10, 2006 until December 29, 2007. Yang was also employed by A Slice Above at its South Bound Brook location from July 26, 2006 until May 12, 2008. In addition to their duties as delivery drivers, Chen and Yang worked in the stock room, made pizza and buffalo wings, prepared sauces, folded pizza boxes, answered the telephone and took orders, and cleaned the store. From July

---

[1] In addressing Defendant's motion to dismiss, the Court must accept as true the allegations contained in the Complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, and do not represent this Court's factual findings.

[2] Defendants A Slice of the Pie, Inc. and Dunka Slice, Inc. are also Domino's franchises owned by Marci Hawkins. A Slice of the Pie, Inc. has one location in Lambertville, New Jersey. Dunka Slice, Inc. has two locations in Raritan and Warren, New Jersey. Plaintiffs Chen and Yang do not allege that they have worked for either A Slice of the Pie, Inc. or Dunka Slice, Inc. Nonetheless, they bring this suit on behalf of similarly situated employees of both companies.

2006 to January 2007, Yang worked approximately 70 hours a week and received $800.00 on a bi-weekly basis. In January 2007, A Slice Above began paying Yang on an hourly basis at a rate of $6.00 per hour. During the entire period of his employment, Chen worked approximately 60 hours per week and received $700.00 on a bi-weekly basis. Both plaintiffs also collected tips while delivering pizzas. Plaintiffs received less than the lawful minimum wage and were not paid overtime wages that were lawfully due them. Chen was terminated when he complained about not receiving overtime pay. Yang was terminated when he joined Chen in making a complaint to the New Jersey State Department of Labor.

Marci Hawkins controlled the terms of Plaintiffs' employment. Hawkins had the power to "hire and fire plaintiffs and Class members, . . ., determine the rate and method of any compensation provided to plaintiffs and Class members, withhold plaintiffs' and Class members' compensation, maintain employment records, and comply with regulations of government agencies." Hawkins did not schedule regular meal breaks for delivery drivers. Additionally, Chen and Yang were instructed to punch in several hours after they had commenced work and were not paid for the hours worked prior to punching in. Plaintiffs were paid either in cash or by check. When Plaintiffs were paid by check, the checks were always signed by Marci Hawkins. Plaintiffs were also required to purchase and launder their own uniforms, black pants and a Domino's shirt, and use their personal automobiles when delivering pizzas. A Slice Above compensated Plaintiffs for the use of their automobiles at a rate of $1.00 per delivery.

II. **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a

3

claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See, Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964-65 (internal citations omitted); *see also, Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Id.* at 1949 (quoting *Twombley*, *supra*, 127 S. Ct. at 570). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

4

III.     **Analysis**

The FLSA, 29 U.S.C. § 201, *et seq.*, was enacted by Congress to protect workers from working "conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *See* 29 U.S.C. § 202(a).   To that end, the FLSA mandates that employers pay their employees a minimum hourly wage.  29 U.S.C. § 206(a)(1).  In addition to a statutory minimum hourly wage, the FLSA requires employers to compensate their non-exempt employees at a rate of at least one and one-half times the employee's hourly wage for hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1).  The FLSA prohibits an employer from retaliating "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

The NJWHL, N.J.S.A. 34:11-56a *et seq.*, provides protections that are similar to those provided by the FLSA.  The NJWHL establishes a minimum wage "in order to safeguard [worker] health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." N.J.S.A. 34:11-56a.  The statute requires employers to compensate employees at a rate of $7.15 per hour, as of October 1, 2006, for each hour worked up to forty hours per week.  N.J.S.A. 34:11-56a4.  Hours worked in excess of forty hours per week by a non-exempt employee must be paid at a rate of one and one-half times the employee's regular hourly rate of pay.  *Id*.  The NJWHL also protects workers from retaliation for complaining "to his employer, to the commissioner, the director or to their authorized

5

representatives that he has not been paid wages in accordance with the provisions of this act, or because such employee has caused to be instituted or is about to cause to be instituted any proceeding under or related to this act, or because such employee has testified or is about to testify in any such proceeding." N.J.S.A. 34:11-56a24.

Both the FSLA and NJWHL impose financial liability on employers who violate the minimum wage and overtime provisions. 29 U.S.C. § 216(b); N.J.S.A. 34:11-56a24. Additionally, under the FLSA, employers who willfully retaliate against complaining employees are guilty of a criminal offense and are subject to a fine of up to $10,000 and a prison sentence of up to six months. 29U.S.C. § 216(a). The NJWHL makes retaliation against a complaining employee a disorderly persons offense. N.J.S.A. § 34:11-56a24.

Since the relevant sections of the FLSA and the NJWHL apply to employers, only a party who is an "employer" as defined by the statutes is liable under the FLSA or the NJWHL. The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Employer is defined by the NJWHL as "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A. § 34:11-56a(1)(g). Both statutes define employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1); N.J.S.A. § 34:11-56a(1)(g). Courts have consistently held that the franchisor/franchisee relationship does not create an employment relationship between a franchisor and a franchisee's employees. *See*, *Abdelkhaleq v. Precision Door of Akron*, 2008 WL 3980399, *4 (N.D. Ohio Aug. 21, 2008) ("the shared right to use the brand name of a manufacturer or distributor between a franchisor and a franchisee does not make the two a single entity for purposes of FLSA.") (quoting *Marshall v. Shan-An-Dan, Inc*., 747 F.2d 1084 (6th

Cir. 1984); *Singh v. 7-Eleven*, 2007 WL 715488, *5 (N.D. Cal. March 8, 2007) (no employment relationship exists between a franchisor and franchisee's employees absent franchisor's control of day-to-day operations); *Howell v. Chick-Fil-A, Inc.*, 1993 WL 603296, *5 (N.D. Fla. Nov. 1, 1993) (the owner/operator of a fast food franchise is not an employee of the franchisor, therefore, employees of the owner/operator are likewise not employees of the franchisor).

When determining whether an employment relationship exists, courts must consider the totality of the circumstances and look to the "economic realities" of the relationship. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), . The Third Circuit requires courts to weight six factors when called upon to determine if an employment relationship exists under the FLSA. The six factors are:

> 1) [T]he degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business.
>
> *Cahill v. City of New Brunswick*, 99 F.Supp.2d 464, 471 (D.N.J. 2000) (citing *Donovan v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1382 (3rd Cir.1985)).

The presence or absence of any specific factor is not dispositive as courts must examine the circumstances as a whole to determine whether the economic realities indicate that an employment relationship exists. *Id.*

New Jersey has not addressed the issue of who is an employer under the NJWHL. However, New Jersey has used a variation on the Third Circuit economic realities test to determine if an employment relationship exists in claims brought pursuant to the New Jersey Law Against Discrimination. *Pukowsky v. Caruso,* 312 *N.J.Super.* 171, 182-83 (App. Div.

1998). New Jersey courts have balanced the following factors when determining if a party is an "employer":

> (1) the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation-supervised or unsupervised; (3) skill; (4) who furnishes the equipment and workplace; (5) the length of time in which the individual has worked; (6) the method of payment; (7) the manner of termination of the work relationship; (8) whether there is annual leave; (9) whether the work is an integral part of the business of the "employer;" (10) whether the worker accrues retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties.
>
> *Id.*

Here, Plaintiffs have not pled facts sufficient to show that an employment relationship exists between them and Domino's. Plaintiffs simply make the conclusory statement that Domino's is an employer "within the meaning of 29 U.S.C. § 203(d) and N.J. Sta. Ann. § 34:11-56a1(g)." The complaint fails to make any specific allegations against Domino's to support this contention. In fact, Plaintiffs have asserted that "defendant Marci Hawkins was an employer who had the power to hire and fire plaintiffs and Class members, control the terms and conditions of their employment, determine rate and method of any compensation provided to plaintiffs and Class members, withhold plaintiffs' and Class members' compensation, maintain employment records, and comply with regulations of governmental entities." Additionally, Plaintiffs state that when they were not compensated in cash, their pay checks were signed by Marci Hawkins, not Domino's. Plaintiffs' complaint does not contain a single factual allegation indicating that Domino's had any authority or control over their employment conditions.

Plaintiffs have not fulfilled their obligation to "provide the 'grounds' of [their] 'entitle[ment] to relief." *Twombley*, *supra*, 127 S. Ct. at 1964-65. They have made nothing more than a "formulaic recitation of the elements of [the] cause of action." *Id.* Therefore, however

viable the claims against Hawkins, A Slice Above the Rest, Inc., A Slice Above the Pie, Inc., Dunka Slice, Inc., and Yoke Lan Lee may be, the claims against Domino's must be dismissed.

In their opposition to Domino's motion to dismiss Plaintiffs allege, for the first time, that Domino's and Hawkins were joint employers for purposes of the FLSA and the NJWHL. When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) this Court may look only to the complaint. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Id.* Therefore, the Court will not entertain the Plaintiffs' joint employment argument.

IV. **Conclusion**

For the reasons above, Defendant's motion to dismiss is granted. An appropriate Order accompanies this opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: October 16, 2009